UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JAMES BEAN,

    Plaintiff,

    v.

COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION,

    Defendant.

Case No. 2:14-cv-237
JUDGE GREGORY L. FROST
Magistrate Judge Terence P. Kemp

## OPINION AND ORDER

This matter is before the Court for consideration of the Magistrate Judge's December 2, 2014 Report and Recommendation ("R&R"). (ECF No. 14.) In that filing, the Magistrate Judge recommended that the case be remanded to the Commissioner pursuant to 42 U.S.C. § 405(g), sentence four.

The Commissioner timely objected to the R&R. (ECF No. 15.) Plaintiff filed a response to that objection. (ECF No. 17.)

For the reasons that follow, the Court **OVERRULES** the objection, **ADOPTS** the R&R, and **REMANDS** this case to the Commissioner pursuant to 42 U.S.C. §405(g), sentence four.

    **I.**    **BACKGROUND**

Plaintiff James Bean claims that he suffers from mental health issues including bipolar disorder, anxiety, and panic attacks that render him disabled within the meaning of the Social Security Act (the "Act"). Plaintiff also claims to suffer from physical ailments; however, those ailments are not relevant to this Opinion and Order.

1

An administrative law judge ("ALJ") assigned to Plaintiff's case found that he was not disabled within the meaning of the Act. Plaintiff filed suit for judicial review of that decision pursuant to 42 U.S.C. § 405(g) and alleged that the ALJ's findings were not supported by substantial evidence.

The Magistrate Judge agreed with Plaintiff. In the R&R, the Magistrate Judge found that the ALJ failed to explain his rationale for disregarding the opinions of Plaintiff's treating psychiatrist, Dr. Brandemihl, who opined that Plaintiff suffered from severe, chronic, and disabling conditions. (ECF No. 7, at PAGEID # 346.)

Relevant to the Magistrate Judge's conclusion is the treating source rule, which requires an ALJ to give controlling weight to opinions from treating sources if those opinions are "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and are "not inconsistent with the other substantial evidence in [the] case record." *Wilson v. Comm'r of Soc. Sec.*, 379 F.3d 541, 544 (6th Cir. 2004) (quoting 20 C.F.R. § 404.1527(c)(2)). The ALJ may give a treating source's opinion less than controlling weight; however, in doing so, the ALJ must weigh the factors set forth in 20 C.F.R. § 404.1527(c)(2) to determine how much weight to give the opinion. The ALJ must always provide specific reasons, supported by the evidence in the case record, for the weight given to a treating source's medical opinion in order to "make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Id*. (quoting Soc. Sec. Rul. 96–2p, 1996 WL 374188, at *5 (1996)).

Applying that rule, the Magistrate Judge analyzed the ALJ's discussion of Dr. Brandemihl. The ALJ gave four specific reasons for giving "less weight" to Dr. Brandemihl's opinions:

> Less weight is given to [Dr. Brandemihl's opinions], as these opinions [(1)] are not fully supported by the objective medical evidence of record, [(2)] are highly dependent upon the claimant's reports of symptoms and limitations where the claimant is found to be not wholly reliable as a reporter of symptoms and limitations, [(3)] are not by a source shown to be familiar with [Social Security Administration "SSA"] and occupational standards, and [(4)] are not consistent with the credible portion of the claimant's activities of daily living.

(ECF No. 14, at 9 (citing Tr. 116).)

After characterizing that discussion as "a terse and conclusory rejection of the treating source opinions," (*id*. at 9), the Magistrate Judge analyzed each of the four reasons the ALJ provided for giving less weight to Dr. Brandemihl's opinions. The Magistrate Judge found that the first reason was vague and unsupported because the ALJ did not identify any of the supposedly inconsistent medical evidence in his opinion. As for the second reason, the Magistrate Judge noted that "some amount of reliance on the claimant's own report is necessary and customary" when dealing with psychological symptoms. (ECF No. 14, at 11.) The Magistrate Judge flatly rejected the ALJ's third reason, stating, "[t]he fact that Dr. Brandemihl was not shown to be familiar with SSA and occupational standards is not pertinent to his ability to assess Plaintiff's psychologically-based limitations." (ECF No. 14, at 10.) Finally, regarding the fourth reason, the Magistrate Judge found that the ALJ improperly weighed certain evidence in analyzing Plaintiff's credibility such that the ALJ's rationale was "weakly supported." (ECF No. 14, at 13.)

The Magistrate Judge concluded that remand was appropriate. In making that recommendation, the Magistrate Judge noted, "[t]here may be more support in the record for the rejection of Dr. Brandemihl's opinions . . . but that rationale is absent from the ALJ's decision." (ECF No. 14, at 13.)

## II. ANALYSIS

### A. Standard of Review

When a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). A decision supported by substantial evidence therefore is not subject to reversal, even if the reviewing court might arrive at a different conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The substantial evidence standard

" 'presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts.' " *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citations omitted).

The issue in the present case is whether the ALJ violated the SSA's rules and regulations by failing to adequately explain his reasoning for affording Dr. Brandemihl's opinions less than controlling weight. Importantly for purposes of this Opinion and Order, "the ALJ's failure to follow agency rules and regulations 'denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record.' " *Cole v. Astrue*, 662 F.3d 931, 940 (6th Cir. 2011) (quoting *Blakley*, 581 F.3d at 407).

### B. The Commissioner's Objection

The Commissioner objects to the R&R on two grounds, both of which involve the Magistrate Judge's analysis of the ALJ's four reasons for rejecting Dr. Brandemihl's opinions. The Court will address each argument below.

First, the Commissioner argues that the Magistrate Judge erred in analyzing the ALJ's first reason (that Dr. Brandemihl's opinions are not fully supported by the objective medical evidence of record). The Commissioner argues that the ALJ "summarized his conclusions regarding Dr. Brandemihl's opinion in one paragraph of his decision (Tr. 116), but then went on to cite specific medical evidence in the record to support his conclusions that the medical evidence contradicted Dr. Brandemihl's opinion (Tr. 117)." (ECF No. 15, at 2.) As an example of such contradictory evidence, the Commissioner cites portions of the record in which Plaintiff reported to another treating physician that his panic attacks were getting less severe and that he was responding well to medications.

The Court finds this objection to be without merit.  Having reviewed the ALJ's written decision, the Court agrees with the Magistrate Judge that the decision is vague on this point.  It is difficult to determine, even with the benefit of the Commissioner's arguments, what evidence the ALJ considered to be inconsistent with Dr. Brandemihl's opinions.  *See* ECF No. 7, at PAGEID #143–44.  It similarly is unclear why the ALJ would consider the evidence cited by the Commissioner (regarding Plaintiff's reports of his symptoms and limitations) to be valuable contradictory evidence, while at the same time affording Dr. Brandemihl's opinions less weight because Plaintiff was not "wholly reliable as a reporter of symptoms and limitations."  (*Id*. at PAGEID # 143.)  The Court simply cannot determine what evidence the ALJ considered when stating that Dr. Brandemihl's opinions "are not fully supported by the objective medical evidence."  (*Id*.)  Accordingly, the Court agrees with the Magistrate Judge that the ALJ's first stated reason for discounting a treating source's opinions is vague and unsupported.

The Commissioner does not object to the Magistrate Judge's conclusions with respect to the ALJ's second and third stated reasons for discounting Dr. Brandemihl's opinions.  The Court therefore accepts the Magistrate Judge's conclusions on these points.  As such, having found that three of the ALJ's four stated reasons for rejecting Dr. Brandemihl's opinions are unclear or improper, the Court concludes that the ALJ violated SSA regulations by failing to adequately explain his reasons for affording a treating source's opinions less than controlling weight.  *See Wilson*, 379 F.3d at 544; 20 C.F.R. § 404.1527(c)(2).  That failure "denotes a lack of substantial evidence," *Cole*, 662 F.3d at 940, such that remand is appropriate.

As a final note, the Court addresses the Commissioner's second argument—that the Magistrate Judge erred in concluding that the ALJ's assessment of Plaintiff's credibility is not

supported by substantial evidence.  The Court agrees with the Commissioner on this issue.  In his written decision, the ALJ noted that Plaintiff lacked credibility because he failed to fully disclose work and earnings in his disability application and because he did not work consistently in the years leading up to the alleged onset date.  The ALJ noted that Plaintiff had been terminated from jobs because of his criminal history such that his medical impairments "may not be the sole reason, nor even a material reason, for his current inability to sustain full-time competitive employment."  (ECF No. 7, at PAGEID # 144.)  The Magistrate Judge found that the ALJ gave "undue emphasis" to Plaintiff's criminal history and "clearly took that history into account in concluding that Plaintiff might not have been motivated to work," (ECF No. 14, at 12), but those conclusions misinterpret the ALJ's decision.  The Court finds no error by the ALJ on this issue.

Ultimately, however, this conclusion does not affect the Court's ultimate conclusion that remand is appropriate.  The ALJ's credibility finding alone is insufficient to support his decision to discount Dr. Brandemihl's opinions.  The Court therefore overrules the Commissioner's request to reject the R&R and affirm the ALJ's decision.

### III. CONCLUSION

For the foregoing reasons, the Court **OVERRULES** the Commissioner's objection (ECF No. 15), **ADOPTS** the R&R (ECF No. 14), and **REMANDS** this case to the Commissioner pursuant to 42 U.S.C. §405(g), sentence four.  The Clerk is **DIRECTED** to terminate this case from the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.

**IT IS SO ORDERED**.

> **/s/ Gregory L. Frost**
> **GREGORY L. FROST**
> **UNITED STATES DISTRICT JUDGE**